```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS

ZEBEDEE HALL,

                Petitioner,

        v.                                CASE NO.  09-3052-RDR

FEDERAL BUREAU
OF PRISONS, et al.,

                Respondents.
```

## MEMORANDUM AND ORDER

This petition for writ of mandamus, 28 U.S.C. § 1361, was filed by an inmate of the Federal Prison Camp, Leavenworth, Kansas. Mr. Hall seeks an order compelling "the BOP" to consider him for placement in a community corrections facility (hereinafter CCF[1]) for the entire final twelve months of his sentence. Petitioner has paid the filing fee.

## FACTUAL BACKGROUND

As the factual basis for this Petition, Mr. Hall alleges that he is eligible for up to 12 months of CCF placement and that as of March 10, 2009, he was within 12 months of his sentence termination date[2]. He asserts that he should have been considered for CCF placement for the entire 12 months because he has been in custody

---

[1] CCF placement is also at times referred to herein as RRF placement.

[2] Petitioner alleges he has been in custody since June 15, 2001, and his sentence was recently reduced to 121 months imprisonment.

eight continuous years, the maximum CCF placement "would greatly assist his successful reentry," a job is essential to his success and will take extra time to find in the current recession, he is not a threat to the community, he has shown excellent institutional adjustment, and does not want to fall victim to recidivism. In short, he seeks a CCF placement of 12 months based upon his good conduct and because he believes it will provide greater likelihood of his successful reintegration into the community than six months. His exhibits indicate an initial administrative decision was made to place him in a CCF for 180 days.

**CLAIMS AND RELIEF REQUESTED**

Petitioner asks the court to compel the Bureau of Prisons (BOP) to perform its allegedly ministerial duty "to provide up to 12 months in pre-release confinement" to facilitate his successful reentry into the community. He claims he is entitled to this relief under the amended version of 18 U.S.C. § 3624(c)[3], commonly referred to as "the Second Chance Act." He contends that the "Second Chance Act" effective April, 2008, unambiguously "mandates

---

[3] 18 U.S.C. § 3624(c) governs prerelease custody, and as amended pertinently provide:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

2

the use" of CCFs "as a form of pre-release treatment."  He also contends that the duty of respondents to utilize CCF placement is evident from "plain and clearly defined language" in the amendment.  He refers to the "heading" of the amended section, "Clarification of Authorization to Place Prisoners in Community Corrections," at the same time he acknowledges that the last line of the section provides that prerelease conditions "may include" CCFs.  He also cites language from the amended statute requiring the BOP to issue regulations[4] to ensure placement of "sufficient duration to provide greatest likelihood of successful reintegration into the community."  He also cites the section requiring the BOP to report yearly on its use of CCFs so legislative committees may determine if the BOP is utilizing such facilities in an effective manner.

Petitioner complains that the BOP is ignoring the statutory mandate, and continues to categorically deny placement in CCFs beyond six months, absent some extraordinary circumstance, based

---

[4] 18 U.S.C. § 3624(c)(6) provides: Issuance of Regulations.  The Director of the (BOP) shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the BOP is--

(A) conducted in a manner consistent with section 3621(b) of this title;

(B) determined on an individual basis; and

(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

Id.

upon its prior policy, BOP Policy Statement (PS) 7310.04(A)(1)[5]. He thus argues no one is actually considered eligible for more than six months CCF placement, and no language in the amended section supports their six-month limitation. He asserts that the BOP's "categorical limitation" violates the Administrative Procedure Act (APA), and that the BOP's actions are arbitrary, capricious, an abuse of discretion, and contrary to law[6]. The court is asked to issue a writ of mandamus to compel the BOP to place Mr. Hall in community corrections "for the remainder of his imprisonment."

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Petitioner alleges no facts regarding the administrative process he apparently went through to be considered for CCF placement. He does not even allege in his Petition that he sought such placement through proper channels and appealed any unsatisfactory decision, or reveal what decisions were rendered in the administrative process[7]. Instead, he argues he is not required

---

[5] Petitioner quotes this Program Statement as providing: "An inmate may be referred up to 180 days in a community correctional center, with placement beyond 180 days highly unusual, and only possible with extraordinary justification."

[6] Petitioner also claims that the BOP offers no other form of treatment to assist inmates with reentry into the community. However, the court notes petitioner's exhibit of his Program Review Report indicates he is working as an orderly, is English proficient, has earned his GED in prison, and has completed "Financ Resp," in addition to drug education. It also indicates that as "release preparation participation" he is to "Enroll in March Quarterly Session."

[7] Petitioner vaguely alleges in a footnote: "[a]lthough there remains sufficient time to process any necessary paper-work toward placement in a CCF, the BOP claims" there is not and that 6 months is sufficient (citing Exhibit A).

under the PLRA to exhaust any administrative remedies because he is not challenging his conviction or the duration or conditions of his confinement, and is "absolved" from exhausting because he brings this action as a writ of mandamus.  He further argues that there is no other adequate remedy available, that he has no remedy within the BOP due to its erroneous statutory interpretation and use of prior policy, and that this court can excuse the exhaustion requirement[8].

Exhaustion of all available administrative remedies[9] is a prerequisite to a federal prison inmate seeking judicial review of

---

The cited exhibit provides: "Change to Community Custody. Request 2nd Chance 12 month RRC - Denied: No time to process.  6 months is sufficient."  Petitioner also exhibits "Inmate Request to Staff" addressed to his case manager requesting that he be placed in community corrections for 12 months under the Second Chance Act, rather than the 6 months previously allowed.  This request is dated February 6, 2009.  The staff member responded that there was "no compelling or extraordinary need for RRC placement beyond 3 months due to his sentence length," as well as "requires relocation of supervision, not enough to process." Petitioner also exhibits a "Program Review Report" dated February 18, 2009, which contains: "RRC recommendation: 2nd Chance Review - recommend 180 days (09-'09)."

[8]     Petitioner cites Knish v. Stine, 347 F.Supp.2d 682, 686-87 (D. Minn. 2004) where the petitioner's failure to exhaust was excused by the court. However, that case dealt with the prior policy of the BOP, and that court found appealing to the BOP Regional Office and General Counsel would be futile.  This court is not convinced by petitioner's allegations or the cited authority that it must waive the exhaustion requirement in this case.

[9]     Federal prisoners have long-established administrative remedies, clearly set forth in 28 C.F.R. §§ 542.10-16.  Section 542.13(a) requires that an inmate informally present his complaint to staff (BP-8 form) before filing a formal request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may submit the formal written complaint (BP-9) to the warden.  An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director within 20 calendar days of the warden's response; and finally, if dissatisfied with the response of the regional director, then he may submit an appeal (BP-11) to the office of the BOP's General Counsel.  The BOP's response times are in 28 C.F.R. § 542.18, which provides that once the inmate has filed the proper form, "response shall be made by the Warden within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."  Id.

an administrative action by the BOP as well as federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).  This exhaustion prerequisite preceded the PLRA, and developed from well-reasoned case law.  Petitioner is mistaken that he may avoid the exhaustion prerequisite simply by styling his action as a mandamus petition.

One of the reasons for requiring the exhaustion of administrative remedies is to prepare a record for the Court to review.  See Brice v. Day, 604 F.2d 664 (10th Cir.), cert. denied, 444 U.S. 1086 (1980), *abrogated on other grounds by* McCarthy v. Madigan, 503 U.S. 140 (1992).  At this time, the administrative record in this case is incomplete factually, a situation which would not exist had petitioner first exhausted the BOP administrative remedy process.  The record is incomplete absent evaluation of the CCF placement decision by the BOP Regional Office and the BOP Central Office.

Mr. Hall is correct that the exhaustion requirement may be waived if exhaustion would be futile.  However, he has made no attempt in this case to demonstrate that exhaustion would be futile and should be excused[10].  Since the BOP is required by current statute and its own regulations to consider inmates for placement in a CCF for up to twelve (12) months, he has failed to demonstrate

---

[10] The only irreparable injury Hall refers to is in a conclusory argument regarding "the well-known trap of recidivism."

that it would be futile to exhaust his available remedies.  For this reason alone, the court could dismiss the instant petition without prejudice.

**CLAIMS NOT PROPER BASIS FOR MANDAMUS RELIEF**

Even if petitioner had satisfied the exhaustion prerequisite for review of agency action, the court further finds that his claims regarding CCF placement are not proper grounds for mandamus relief.  The federal mandamus statute, 28 U.S.C. § 1361, grants federal courts jurisdiction to consider actions in the nature of a mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Id.  Mandamus is an extraordinary remedy "granted only in the exercise of sound discretion."  Miller v. French, 530 U.S. 327, 339 (2000).  "The remedy of mandamus is a drastic remedy, to be invoked only in extraordinary situations."  Allied Chemical Corp. v. Daiflon Inc., 449 U.S. 33, 34 (1980); In re Weston, 18 F.3d 860, 864 (10th Cir. 1994).   Petitioner cites Miller v. French, 530 U.S. 327, 339 (2000), which held that "the extraordinary remedy of mandamus . . . requires a showing of a 'clear and indisputable' right to the issuance of the writ."  He also cites Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988) and the following factors, all of which the court "must find" in order to grant mandamus relief:

   (1) a clear right in the plaintiff to the relief sought;
   (2) a plainly defined and preemptory duty on the part of

>      the defendant to do the action in question; and (3) no
>      other adequate remedy is available.

Id. (citations omitted).  While petitioner cites proper legal authority for mandamus actions, he does not present facts showing he is entitled to relief under this authority.

Mr. Hall's Petition fails to demonstrate any of the necessary factors.  It does not show he has a clear right to the relief sought.  Petitioner seeks placement in community corrections "for the remainder of his imprisonment."  However, he does not discuss the statutory factors that must be considered by the BOP in making CCF placement decisions, and explain how he is entitled to the requested relief based upon those factors[11].  Instead, he lists his conduct and perceived reintegration needs as determining factors.  Since petitioner has not provided the administrative record, he has not shown that the BOP failed to give reasonable consideration to the statutory pre-release placement factors or that it otherwise reached a decision outside its discretion.

---

[11]  Federal inmates like petitioner are entitled to receive consideration for CCF placement based on an application of the factors in 18 U.S.C. § 3621(b).  See Rodriquez v. Smith, 541 F.3d 1180, (9th Cir. 2008). While petitioner did not receive as lengthy a placement as he desired, he has not shown he was denied that to which he is entitled, i.e., a BOP evaluation for CCF placement based on the Section 3621(b) factors.  Cf. Delpit v. Sanders, 2008 WL 5263825, *2 (C.D.Cal. 2008)(finding that petitioner's receipt of a CCF placement decision under the Second Chance Act and based on application of the five factors of Section 3621(b) rendered his habeas petition moot).  Prior to enactment of the Second Chance Act, the Tenth Circuit addressed a similar claim by a federal inmate demanding placement in a CCC earlier than the date set by the BOP.  In Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007), the court examined the earlier version of § 3624(c) and concluded that Wedelstedt's remedy was limited to the BOP being required to consider him for a transfer to a CCC for the last ten percent of his sentence under the § 3621(b) factors.

He similarly fails to show a plainly defined and preemptory duty on the part of the BOP to provide the relief sought. Regarding petitioner's claim that the BOP had a duty to consider him for more than 6 and up to 12 months of CCF placement, he does not even allege facts demonstrating BOP officials refused or failed to make that consideration. It is clear from his exhibits that his request for CCF placement was considered at the administrative level on which it was presented. No facts are alleged indicating his application was considered other than under the current statute and regulations, which require the BOP to "ensure" that a prisoner spend a portion of the final months of his term "not to exceed 12 months" under "conditions" facilitating reentry into the community, which "may include" CCF placement. The fact that petitioner was granted 180 days placement, without more, does not establish that he was not considered for up to twelve months placement. If Mr. Hall's claim is actually as he sometimes suggests, that the BOP had a duty to place him in a CCF "for the entire 12 months authorized by statute", he certainly has not shown he has a clear right to such relief. The Second Chance Act establishes a maximum of twelve (12) months pre-release custody. However, it also "clearly contemplates" CCF placements of less than 12 months. The plain language of the Act simply cannot be read as providing that the BOP has a plainly defined, clear and peremptory duty to afford an inmate CCF placement for a full 12 months.

Nor does petitioner's conclusory statement that no other adequate remedy exists satisfy the final factor that must exist for him to be entitled to the extraordinary remedy of mandamus. As noted, petitioner has not alleged facts showing that prison administrative remedies are inadequate. Furthermore, in this district, federal inmates have been allowed to seek judicial review of decisions of the BOP regarding CCF placement by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241[12]. Thus, he does have another legal remedy available.

A petitioner seeking mandamus relief bears the burden of showing his right to the relief he seeks is clear and indisputable. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). Here, petitioner has not met that burden. The court concludes that Mr. Hall is not entitled to a petition for writ of mandamus. The court further concludes that this action must be dismissed without prejudice[13].

Mr. Hall may seek review of his claims by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, if he so desires, upon forms provided by the court. However, he must

---

[12] Section 2241 is an appropriate vehicle for addressing a challenge to the BOP's determination of pre-release transfer to a CCF, particularly since such a transfer results in significant changes in the execution of the sentence. See Muniz v. Sabol, 517 F.3d 29, 32, 34 (1st Cir. 2008); Levine v. Apker, 455 F.3d 71, 77-78 (2nd Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-44 (3rd Cir. 2005).

[13] Federal district courts have been cautioned against recharacterizing other civil actions as petitions for writ of habeas corpus on account of statutory provisions limiting second and successive petitions and the statute of limitation applicable to habeas corpus petitions.

carefully complete the forms to show full exhaustion of administrative remedies or facts establishing that exhaustion should be excused.  He must also describe the decision of prison officials on his application for CCF placement, and explain how that decision does not conform to the current relevant statutes and regulations or otherwise violates federal constitutional law.

**IT IS THEREFORE ORDERED** that this petition for writ of mandamus is dismissed, without prejudice.

The clerk is directed to send plaintiff forms for filing a § 2241 petition, and a motion to proceed in forma pauperis.

**IT IS SO ORDERED.**

**DATED:  This 9th day of July, 2009, at Topeka, Kansas.**


                                    <u>s/RICHARD D. ROGERS</u>
                                    **United States District Judge**